MR. JUSTICE SHEA
dissenting:
I would reverse the judgment of conviction and order a new trial. While perhaps each of the claimed errors would not be sufficient in itself to constitute reversible error, when taken together I believe the defendant was denied a fair trial.
Because of the voir dire examination the past conduct of the defendant, unrelated to the charges, was already in front of the jury before the testimony started. (One juror stated he knew the defendant had been in trouble but he could still be fair and the other juror stated he had been in jail with the defendant when the defendant had been charged with driving under the influence.) It is true that these comments were invited to a degree by defense counsel, but this still did not free the trial judge from assuring that the future course of the trial could not further poison the trial atmosphere.
As a step in assuring this fair trial, the trial court should have granted the defense motion in limine to prevent the jury from knowing of defendant’s past felony conviction. It is clear that conviction, one of receiving stolen property obtained some 7 years before the present trial when the defendant was 19 years of age, had no probative value on the issue of rape that was being tried. The sole reason for allowing the prosecution to ask *397 defendant if he had ever been convicted of a felony was based on section 93-1901-11, R.C.M.1947, a statute which enacted the old common law rule that one convicted of a felony is less worthy of belief, and accordingly the jury should know about the previous felony conviction.
This statute is not a rule of substantive law; it is a rule of evidence. It does not declare that a previous felony conviction must be allowed in evidence; it simply states that it “may” be allowed in evidence. Whether to allow the previous conviction in evidence is a matter of discretion for the trial court, to be determined according to the circumstances of each case, keeping in mind that it is the ultimate duty of the trial court to assure each defendant a fair trial. This duty cannot be watered dovvn by a blindfolded application of a statute, for the duty to assure a fair trial transcends the mechanical application of rules of evidence.
Given the circumstances of this case, it was prejudicial error to allow the jury to consider the defendant’s previous felony conviction. This error was compounded by two events occurring after the admission of this evidence.
During settlement of jury instructions the prosecutor offered an instruction on how the jury was to consider evidence of a previous felony conviction, but it also contained law on other points already covered in the instructions. Defense counsel objected on that ground and the trial court refused the instruction. The prosecutor did not offer another instruction on the subject. While defense counsel did not offer an instruction on the point, nevertheless the cumulative evidence relating to defendant’s bad conduct was such that the trial judge on his own motion should have given the jury a cautionary instruction.
Furthermore, it was improper for the prosecutor to comment on the previous felony conviction in his final closing arguments where he did not cover the subject in his own opening arguments and defense counsel did not cover the subject in his own final arguments. Had the prosecutor discussed the felony conviction during his opening arguments defense counsel could have *398 made an informed decision as to how to handle the matter. But at this stage of the arguments defense counsel could only object to an improper argument, and this would only have served to heighten and concentrate the jury’s attention on his client’s previous felony conviction.
The prosecutor’s remarks to which defense counsel could not respond, were:
“You are to measure this case from the mouth of the witnesses who sat here. Is this girl telling the truth? You are judging her there. You are judging him sitting there also and you may consider the fact in judging his credibility the fact that he is a convicted felon.
“Now, measure the truth. * * *”
This combination of circumstances concerning defendant’s past conduct, wholly unrelated to the case, deprived him of a fair trial.
It also was improper to allow the X-rays in evidence under the circumstances as exist in this case. This is not a case where, after due diligence was exercised, the prosecutor came up with additional evidence he did not know existed. It is a case where the state had been rewarded for a total lack of diligence. Here, the prosecutor knew the X-rays existed but never bothered to determine if they had any evidentiary value until the middle of the trial.
The prosecutor should have known the X-rays existed when he or his agents talked to the complaining witness to determine if there was probable cause for a criminal complaint. In any event, he most certainly knew the X-rays existed when the defense deposed the complaining witness and she testified X-rays were taken of her nose at St. Joseph’s Hospital. But the first time the prosecutor bothered to determine if the X-rays had any evidentiary value was after both the complaining witness and her mother testified at the trial that X-rays had been taken, even though the treating doctor, Dr. Coriell, testified he could not recall whether *399 he had ordered X-rays. It was only after this testimony that an effort was made to see what the X-rays contained.
I disagree with the majority that the state was legitimately surprised because it expected Dr. Coriell to testify at the trial as to the X-rays and the results. Since the state had never discussed the X-rays with him before trial (in fact, his medical report did not even mention X-rays), it is illogical to conclude the state expected Dr. Coriell to cover the subject of X-rays at the trial. Furthermore, I think the state’s failure to comply with discovery concerning the X-rays would have precluded the state from using Dr. Coriell or anyone else to testify concerning the X-rays and the results.
Before trial the defense moved to discover all “documents, papers and things” that the prosecution intended to introduce at trial, and the court so ordered, with no objection from the state. At no time were the X-rays listed as a potential exhibit and at no time before trial was the defense ever given notice the state intended to introduce X-rays in evidence. One of the very purposes of the discovery statutes is to prevent surprise, and here the defense was totally justified in believing the state was not going to introduce any X-rays in evidence. Accordingly, the trial court was in error when it allowed the endorsement of the radiologist on the Information to get the X-rays and the results in evidence.
For the foregoing reasons I would reverse the judgment of conviction.